# Exhibit 3

# LEWISRICE LLC

**Jeffrey A. St. Omer**

jstomer@lewisrice.com
314.444.7624 (direct)
314.612.7624 (fax)

Attorneys at Law

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101

www.lewisrice.com

January 28, 2016

Mr. Chris Koster
Missouri Attorney General's Office
Supreme Court Building
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102

Dr. Margie Vandeven
Commissioner of Education
Missouri Department of Elementary &
Secondary Education
P.O. Box 480
Jefferson City, MO 65102-0480

**Re: Demand to the State/DESE to Cease Violating the Court's March 12, 1999 Order and the Desegregation Settlement Agreement in *Liddell, et al. v. Board of Education***

Dear Mr. Koster and Dr. Vandeven:

This letter is sent on behalf of the Liddell Plaintiff class, the Caldwell/NAACP Plaintiff class (the "Plaintiff Classes") and The Special Administrative Board of the Transitional School District of the City of St. Louis ("the District"). As the State and DESE have been informed on numerous occasions (*see*, e.g., attached December 8, 2008 letter from the SAB Board to DESE and the State), the State has been in continual violation of the Court's March 12, 1999 Order ("Desegregation Order") and the Desegregation Settlement Agreement ("DSA") by 1) reducing desegregation funding the Court ordered to be "unconditionally" paid to the District, consisting of a portion of the local sales tax approved by St. Louis City voters (the "Desegregation Tax"), and 2) reallocating that desegregation funding to non-District school entities that were not parties to the DSA.

The State's and DESE's conduct is a clear violation of the Desegregation Order and the DSA. The adverse impact on the Plaintiff Classes and the District is significant and substantially interferes with the District's ability to remediate decades of State imposed school segregation. Given these violations of the Desegregation Order and the DSA, and the State's and DESE's refusal to correct them, the Plaintiff Classes and the District hereby demand that the State and DESE provide written assurances to the Plaintiff Classes and the District that they will: 1) immediately cease and desist in such violations; and 2) reimburse any funds that have been improperly withheld from the District.

Under the February, 1999 settlement, the State agreed that the District would receive special desegregation funding derived from the enactment of the

# LEWIS RICE LLC

January 28, 2016
Page 2

Senate Bill 781 funding formula and from local taxes to be approved by St. Louis City voters. In February 1999, following an extensive voter campaign, St. Louis City voters approved the Desegregation Tax, a 2/3 of 1-cent sales tax to fund the St. Louis City Public School District. The express purpose of the Desegregation Tax was to facilitate the District's fulfillment of its obligations arising from the Court's orders and the DSA.

In the Desegregation Order, the Court (1) incorporated the terms of the Settlement Agreement, (2) included several comments highlighting the importance of increased funding commitments from the State (Senate Bill 781) and the City (passage of the Desegregation Tax) as justification for the Court's approval of the DSA, and (3) made clear that the Desegregation Tax revenue would belong to the St. Louis Public Schools for the exclusive benefit of District school children. *See, e.g.,* March 12, 1999 Order, *Id.* pp. 11-12 ("The Court concludes that the settlement is adequately funded so as **to ensure that City Board's obligations under the settlement agreement can be fulfilled**. Funding is grounded in SB 781, which provides that **funding will be derived from the local sales tax approved by the voters and the amendments in SB 781 to the State's statutory scheme of school funding**.").

In its directives approving the Settlement Agreement, the Court specifically ordered as follows:

> **IT IS FURTHER ORDERED** that City Board and the Director of Revenue of the State of Missouri **shall follow** the procedures and instructions set forth in other statutes which govern local sales taxes in collecting the proceeds of the new sales tax effective July 1, 1999. These funds **shall be forwarded to the Treasurer of the Board of Education of the City of St. Louis, no later than the tenth of each month**, and City Board shall assume the responsibilities of the taxing entity as described in Mo. Rev. Stat. Section 32.087.1.

> **IT IS FURTHER ORDERED** that **the revenues from any tax imposed through a ballot measure** by the Transitional School District, and any resulting State and federal aid (excluding any attributable to transfer students), **shall be unconditionally assigned to City Board** if received by the Transitional School District."

LewisRice LLC

January 28, 2016
Page 3

March 12, 1999 Order, pp. 19-20.

For seven years after voter approval of the Desegregation Tax and the Court's approval of the DSA, the Desegregation Tax had been collected at the state level and then disbursed to the District as directed in the Desegregation Order. Consistent with the terms of the DSA, the State provided funding annually under the Senate Bill 781 funding formula that included the portion attributable to desegregation remediation, and the District received the Desegregation Tax unencumbered. However, effective in 2006, the General Assembly revised the basic aid funding formula for public schools with the passage of Senate Bill 287. As part of the revised funding formulas, the State's basic aid payments to the District were improperly changed and the State began reallocating a portion of the Desegregation Tax to other non-District schools by reducing aid payments to the District pursuant to Section 160.415.

In addition to the Desegregation Order, various provisions in the DSA incorporated into the Desegregation Order restrict the State's ability to deviate from the funding provided for in the settlement, which restrictions are contained Section 11, Section 18 and Section 22 of the DSA. Despite the District's objections, the State and DESE have steadfastly refused to cease and desist from these violations.

The State's and DESE's violations of the Desegregation Order and the DSA have resulted in the improper reduction of formula funding attributable to the District's receipt of the Desegregation Tax in excess of $40 million through the 2014-2015 school-year. Projections for the upcoming school year estimate lost revenues in excess of $8 million.

Because the Missouri legislature has modified the funding formula such that Desegregation Tax monies are being redistributed to charter schools and are being used to reduce funding for the District – funds that were intended for the exclusive use of the District for desegregation remediation purposes -- the State's actions violate both the Desegregation Order and the DSA.

Based on the foregoing, we hereby demand that the State and DESE provide written assurances: 1) that the State and DESE will immediately cease and desist in applying Section 160.415 in a manner that violates both the Desegregation Order and the DSA by reducing funding to the District; 2) that the State and DESE will honor both the Desegregation Order and the DSA by treating the Desegregation Tax proceeds as revenue exclusively dedicated to the

# LEWIS RICE LLC

January 28, 2016
Page 4

District to continue to fulfill its obligations to the Plaintiff Classes under the DSA; and 3) that the State and/or DESE will reimburse the District for all Desegregation Tax proceeds that have been improperly reallocated and/or that they will restore the funding the District would have otherwise received under the Senate Bill 287 school funding formula but for the District's receipt of the Desegregation Tax.

We are requesting that a meeting to discuss resolution of this matter take place no later than Monday, February 15, 2016. After that date, it is our intention to place this matter before the U.S. District Court in the Eastern District of Missouri.

Very truly yours,

**SPECIAL ADMINISTRATIVE BOARD OF THE TRANSITIONAL SCHOOL DISTRICT OF THE CITY OF ST. LOUIS**

*[signature]*

Jeffrey A. St. Omer
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101

**CALDWELL/NAACP PLAINTIFFS**

*[signature]*

Veronica Johnson
Howard & Johnson, LLC
906 Olive Street, Suite 200
St. Louis, Missouri 63101

LEWIS RICE LLC

January 28, 2016
Page 5

**LIDDELL PLAINTIFFS**

_____
William A. Douthit
P.O. Box 6961
Chesterfield, MO 63006

CC:   Mr. Richard T. Sullivan, Chief Executive Officer
      Dr. Kelvin R. Adams, Superintendent
      Ms. Torey Cummings, U.S. Dept. of Justice, Civil Rights Division
      Mr. William Thorton, General Counsel, D.E.S.E.
      Mr. Ronald A. Norwood, Esq.
      Mr. Grant Wiens, Esq.

Established 1909