UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRATON LIDDELL, *et al.*,     )
                              )
    Plaintiffs,          )
                              )
v.                            ) Case No. 4:72-CV-100
                              )
BOARD OF EDUCATION OF THE     )
CITY OF ST. LOUIS, MISSOURI, *et al.*, )
                              )
    Defendants.          )

## THE STATE OF MISSOURI'S MOTION TO STRIKE AND SUGGESTIONS IN SUPPORT

Defendant the State of Missouri moves the Court to strike the "Motion to Enforce Court Order Approving Settlement, to Enforce Settlement Agreement, and to Hold the State in Contempt" ("Board's Motion"), recently filed by the City School Board and some plaintiffs, and, in support of its Motion, the State of Missouri states as follows:

The Court should strike the Board's Motion because, as stipulated both in the subject Settlement Agreement and in this Court's Order approving that Settlement on March 12, 1999, all actions now brought by the City School Board "shall be adjudicated only in State Court". This Court, therefore, lacks jurisdiction to adjudicate and resolve the issues raised in the Board's Motion.

Moreover, even if this Court had jurisdiction to hear and decide such issues, the Court should nevertheless abstain from exercising such jurisdiction, and the Court instead should defer this matter to the State courts that have addressed and ruled upon the same type of funding issues now raised in the Board's Motion.

## Summary of the Argument

This Court lacks jurisdiction over the dispute raised in the Board's Motion because the parties have agreed, with the Court's approval, that all such disputes must be filed in State court. As provided in the parties' 1999 Settlement Agreement: "In the event of a dispute between or among the State of Missouri [and] the City School Board …, the matter shall be adjudicated *only* in State Court. … Venue for such an action brought by the City Board will be proper *only* in the Circuit Court of the City of St. Louis." Settlement Agreement, § 22.B.2, attached as Exhibit A (emphasis added).

The Court approved the Settlement Agreement and incorporated the Settlement Agreement into its Order disposing of this matter on March 12, 1999. The Court thus ruled that all actions such as that presented here shall be filed "only in State Court". Court Order, p. 19, attached as Exhibit B.

Until now, the City School Board has filed and pursued in State court all prior actions where, as here, the Board disputed and challenged the amount of State funds paid to it. *Bd. of Educ. City of St. Louis v. State*, 134

2

S.W.3d 689, 696 (Mo. App. E.D. 2004); *Bd. Of Educ. City of St. Louis v. State*, 229 S.W.3d 157 (Mo. App. E.D. 2007). There is no legitimate reason or basis for the City School Board now to change course and attempt to pursue in this Court the same issues and proceedings that it previously litigated in State court.

Furthermore, to assert jurisdiction over the issues raised in the Board's Motion would unnecessarily interfere with and potentially upset the prior State court decisions that have already addressed and ruled upon such issues. *Id.* This Court, therefore, should abstain from asserting jurisdiction over the Board's Motion.

## Argument

Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994). Before addressing the issues raised in the Board's Motion, this Court must first determine whether it has the jurisdiction necessary to rule on those issues. *Id.*

The burden of demonstrating such jurisdiction rests upon the City School Board. And in order to carry its burden, the City School Board must overcome a presumption that this Court no longer has jurisdiction over the issues to be raised. As the Supreme Court has ruled: In a proceeding to

3

enforce settlement, "[i]t is to be presumed that [the] cause lies outside this limited jurisdiction [of a federal court], and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377.

The City School Board has not carried its burden of establishing this Court's jurisdiction. Nor can it do so.

### A.   The City School Board is the principal petitioner attempting to invoke the Court's jurisdiction.

The primary issue raised in the Board's Motion is whether, in alleged breach of the 1999 Settlement, the State's enactment of Senate Bill 287 (now Mo. Rev. Stat. § 160.415) improperly diverts State funds away from the City School Board to the City's charter schools. To resolve this issue, the motion asks that the Court enter a judgment of specific performance requiring that the amount of State money used to fund the City's charter schools be paid instead to the City School Board. *See* Board's Motion, p. 14.

Because the State funds sought by way of the Board's Motion are sought entirely for the benefit of the City School Board, the City School Board is the principal petitioner now attempting to invoke the Court's jurisdiction. [1]

---

[1] The City School Board is now known as "the Special Administrative Board of the Transitional School District of the City of St. Louis". The Special Administrative Board was substituted "as a party defendant in place of the Board of Education of the City of St. Louis, Missouri" by way of a Court Order dated November 15, 2011. (Doc. # 363, attached as Exh. C). In its motion, the City School Board is alternately referred to as "SAB" and "the District".

4

**B.   The City School Board agreed, and the Court ordered, that enforcement of the 1999 Settlement Agreement would be "only in State court".**

In their 1999 Settlement Agreement, the City School Board and the State of Missouri both agreed that this Court would have no further jurisdiction to hear or rule upon any issues that may arise out of their settlement.  The parties, in fact, stipulated that they intended "to terminate the continuing jurisdiction and supervision of the [federal] Court over the State Defendants and City Board subject only to Section 22 of this Agreement."  1999 Settlement Agreement, p. 2, Exh. A.

Section 22 of the 1999 Settlement Agreement expressly prohibits the City School Board from filing in federal court any action that seeks to interpret the 1999 Settlement Agreement or to compel compliance with its terms.  The Agreement states that where, as here, the City School Board files any action to enforce the Agreement, that action shall be filed "only in State Court".  As provided in the Agreement:

> In the event of a dispute between or among the State of Missouri, the City School Board, the Suburban districts, and all other officers, agents, agencies and subdivisions of the State concerning their contract obligations, the matter *shall be adjudicated only in State Court.* ...  Venue for such an action brought by the City Board will be *proper only in the Circuit Court of the City of St. Louis.*

1999 Settlement Agreement, § 22.B.2, p. 40, Exh. A (emphasis added).

This provision is *prima facie* valid and should be enforced according to its unambiguous terms. *Marano Enters. of Kan. v. Z–Teca Rests.,* 254 F.3d 753, 757 (8th Cir.2001). As the Eighth Circuit has held, when a "forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain." *Servewell Plumbing, LLC v. Federal Ins. Co.,* 439 F.3d 786, 789 (8th Cir.2006); *Alberici Constructors, Inc. v. Oliver,* No. 4:11-CV-744 CEJ, 2012 WL 2191280, at *1 (E.D. Mo. June 14, 2012).

The City School Board has not met its burden of proof and, therefore, must adhere to the forum selection clause to which it agreed. *Id.*

The State of Missouri anticipates that, rather than challenge the enforceability of the above-referenced forum selection clause, the City School Board will instead try to argue for the applicability of another forum selection clause. In particular, the 1999 Settlement Agreement includes another provision requiring that some actions to enforce the Settlement Agreement are to be filed "in federal court". Settlement Agreement, § 22.B.3, p. 41, Exh. A.

This provision, however, does not apply to actions where, as here, the City School Board is one of the movants seeking relief against the State of Missouri. The City School Board was a co-defendant with the State of Missouri in this case. The Settlement Agreement's provision for enforcement

6

in federal court is expressly limited to such disputes that the named plaintiffs (*e.g.* Liddell) may file *against* the City School Board and/or the State of Missouri. In particular, the federal court may assert jurisdiction only over those matters in which the named plaintiffs are seeking specific performance *against* the City School Board and/or the State. As provided in the 1999 Settlement Agreement:

> In the event of a dispute between the State of Missouri or State and City Board defendants and the plaintiffs (including the United States) *the plaintiffs may seek to compel specific performance of the terms of this agreement.*

Settlement Agreement, § 22.B.3, p. 41, Exh. A (emphasis added).

This provision does not apply to the Board's Motion now before the Court because that motion is <u>not</u> an action for specific performance that the plaintiffs have filed against the City School Board, either in name or in substance. Rather, it is the City School Board that has filed this action against the State of Missouri. Under the terms of the 1999 Settlement Agreement, such an action "shall be adjudicated only in State Court." Settlement Agreement, § 22.B.2, p. 40, Exh. A.

This is the result required by the Court's prior orders in this case. The 1999 Settlement Agreement was reached after years of extensive litigation and negotiation. And when the State of Missouri and the City School Board reached this final settlement, they not only intended and agreed to put an

end to the federal court's jurisdiction over the case, they also received an Order from this Court doing precisely what they intended and asked for.  On March 12, 1999, the Court entered its Order approving the terms of the 1999 Settlement Agreement, including the forum selection clause contained in Section 22.B.2.  As both the State of Missouri and the City School Board requested and agreed, the Court accordingly dismissed the case "with prejudice".  Court Order, p. 19, Exh. B.

The Court thereby removed itself from having jurisdiction over any subsequent disputes between the State of Missouri and the City School Board requiring any further interpretation or enforcement of the 1999 Settlement Agreement.  *See e.g., Levy v. Ohl,* 477 F.3d 988, 992 (8th Cir. 2007) (preclusive effect of dismissal with prejudice bars subsequent action).

C.   **The City School Board has in prior lawsuits acknowledged and adhered to the requirement that its actions to interpret and enforce the 1999 Settlement Agreement shall be filed "only in State Court".**

The Board's Motion is not the first time that the City School Board has filed an action to enforce the terms of the 1999 Settlement Agreement against the State of Missouri.  *Bd. of Educ. of the City of St. Louis v. State of Missouri,* 134 S.W.3d 689 (Mo. App. E.D. 2004).  In its prior action, the City School Board – as in the case at bar – sought to enforce those provisions of the 1999 Settlement Agreement related "to the amount of funding the state is

8

to provide the school board ...” 134 S.W.3d at 693.  In accordance with the terms of the 1999 Settlement Agreement, the City School Board filed its action to enforce these funding provisions in State Court, *i.e.,* the Circuit Court for the City of St. Louis. *Id.*

The case was later taken up to the Missouri Court of Appeals, and, in its decision, the Court of Appeals, *sua sponte*, held that the City School Board's action to enforce the 1999 Settlement Agreement was properly filed in State court. *Id.* at 693.

Despite the plain language of the Settlement Agreement and of the Court's Order, it is anticipated that the City School Board may try to distinguish the State court's prior decision in *Bd. of Educ.*, 134 S.W.3d 689, from the matter presented here.  The City School Board may try to draw such a distinction based on the fact that the City School Board filed the prior action on its own, rather than as a party-defendant that has joined with some of the plaintiffs.

Such a distinction, if made, would make no difference in the Court's analysis.  In the first place, as noted above, the forum selection clause of the 1999 Settlement Agreement is clear:  Any action by the City School Board to enforce the 1999 Settlement Agreement “shall be adjudicated only in State Court”. Settlement Agreement, § 22.B.2, p. 40, Exh. A.  Therefore, regardless of any joinder with any of the plaintiffs from the federal case, the issues

raised in the Board's Motion – as between the City School Board and the State of Missouri – must be adjudicated "only in State Court". *Id.*

Secondly, although the plaintiffs are named as co-movants in the City School Board's motion, the joinder of such plaintiffs is not necessary to grant the relief sought by that motion. Rather, the specific relief sought under the Board's Motion is an order directing the State of Missouri to stop "financially penalizing the [City School Board]" and "to reimburse or recredit the [City School Board] any Desegregation Tax proceeds that have been wrongfully reallocated by the State". Board's Motion, p. 14. Such "reimbursements" are claimed only for the City School Board. Other than an award of attorneys' fees, no relief is sought for any of the plaintiffs.

Because the plaintiffs listed in the Board's Motion seek none of the specific relief sought under that motion, the plaintiffs are not necessary parties to the motion. *See Bd. of Educ.,* 134 S.W.3d at 693 (finding that "plaintiffs [in the federal lawsuit] are not necessary parties required to be joined" in the City School Board's action to enforce the 1999 Settlement Agreement). In fact, virtually all of those who were plaintiffs at the time of the 1999 Settlement have since graduated from the City schools and, therefore, have no interest whatsoever in the Board's motion now before the Court. And because none of the plaintiffs are now necessary to the City

School Board's motion, their joinder does not change the fact that this Court lacks jurisdiction to hear or rule upon the issues raised in that motion.

### D.   Even if it had jurisdiction, the Court should defer to the State court and abstain from exercising such jurisdiction.

It is undisputed that the City School Board and the State of Missouri have for years litigated in State Court their respective rights and obligations under the 1999 Settlement Agreement, and, as a result, the State courts have repeatedly addressed and ruled upon those rights and obligations. *Bd. of Educ. City of St. Louis v. State*, 134 S.W.3d 689, 696 (Mo. App. E.D. 2004); *Bd. Of Educ. City of St. Louis v. State*, 229 S.W.3d 157 (Mo. App. E.D. 2007). Indeed, the issues raised by way of the Board's Motion are the same types of issues that have been litigated and decided by these State courts.

For instance, one of the arguments that the City School Board now makes in its motion is that "the State's obligation for future funding for desegregation was also established under SB 781." Board's Motion, p. 5.   In its motion, the City School Board thus raises a question about the purpose and effect of Senate Bill 781 and asks this Court to interpret and rule upon the amount of State funding, if any, required by Senate Bill 781. *Id.*

This same question was raised and addressed by the above-cited State court decisions.   In particular, these State courts were asked to decide whether "SB 781 is the permanent articulation of the formula to calculate

funding with respect to [the City School Board]". 134 S.W.3d at 696. And the State court held that – contrary to the argument now being made in the Board's Motion – "there was no promise to guarantee [the City School Board's] aid using the foundation formula as laid out in SB 781 without regard for any subsequent legislative changes." 229 S.W.2d at 161.

The City School Board's motion raises these same issues previously addressed in the State courts. This Court, therefore, even if it had jurisdiction to do so, should not now intervene on this issue and thereby run the risk of entering any order that conflicts with these prior State court decisions.

In cases such as this – particularly where, as here, a party seeks equitable relief in a matter previously addressed by a state court – the Court should abstain from exercising its federal jurisdiction over the matter. As the Eighth Circuit has ruled: "federal courts may abstain from deciding an issue in order to preserve traditional principles of equity, comity, and federalism." *Beavers  v. Arkansas State Bd. of Dental Examiners,* 151 F.3d 838, 841 (8th Cir.1998) (internal quotes and citations omitted).

In the interests of equity and federalism, this Court should defer to the State courts' prior assertion and exercise of jurisdiction over the City School Board's actions to enforce the 1999 Settlement Agreement. *Id.* The Court should strike the Board's Motion.

## Conclusion

For the foregoing reasons and authorities, this Court should grant this Motion to Strike and allow the State courts to continue to address the issues now raised by the City School Board.  A proposed order is attached.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Henry F. Luepke*
Henry F. Luepke, #38782MO
Assistant Attorney General
Jeremiah J. Morgan, #50387MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO  63188
Telephone:  (314) 340-7652
Facsimile:  (314) 340-7029
Bud.Luepke@ago.mo.gov
*Attorneys for Defendant State of Missouri*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on counsel of record.

*/s/Henry F. Luepke*