UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRATON LIDDELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:72CV100 HEA |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Intervene on Behalf of Charter Public School Parents and Children, [Doc. No. 398]. The Liddell Plaintiff Class, the Caldwell/NAACP Plaintiff Class and the Special Administrative Board of the Transitional School District of the City of St. Louis (Opponents) oppose the Motion. The Court heard arguments on this matter on July 13, 2016. For the reasons set forth below, the Motion to Intervene is denied.

**Discussion**

In support of their opposition to the Motion to Intervene, Opponents first assert that Movants lack standing.

Under Article III, § 2 of the United States Constitution, federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "'One element

of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.' " *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "Article III standing is a threshold question in every federal court case." *United States v. One Lincoln Navigator 1998*, 328 F .3d 1011, 1013 (8th Cir.2003). "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401, (1975). The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

      Movants argue that they seek intervention because they fear that the pending Motion to Enforce the Settlement Agreement "may impair or imped" the educational interests of their children in the continued funding of the St. Louis Charter schools. Further, *if* the Special Administrative Board prevails on the motion, Movants would suffer a loss in educational funding. It may also require them to seek alternative educational settings to continue their education, which could disrupt the children's social and academic achievement potential.

Initially, Opponents recognize that Movants were not parties to the Desegregation Settlement Agreement (DSA), nor are they parties to this case.

> [S]trangers to a consent decree generally do not have standing to enforce a consent decree. In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit.

*Pure Country, Inc. v. Sigma Chi* Fraternity, 312 F.3d 952, 958 (8th Cir. 2002) (citations omitted). Movants were not parties to the DSA, nor were they specifically contemplated as beneficiaries under the DSA, the sole purpose of which was desegregation remediation. Movants have failed to present any evidence or argument to demonstrate that the continued existence of the Charter schools fulfills the stated desegregation remediation purpose of the DSA. Indeed, as Opponents argue, Movants' position appears to be in conflict with the March 12, 1999 Court's Order which identified the purpose and assignment of the Desegregation Sales Tax.

Movants also argue general nebulous injuries that *might* occur *if* the Motion to Enforce the Settlement Agreement is sustained. The Eighth Circuit Court of Appeals has recognized that

> "a threatened injury must be certainly impending to constitute injury in fact," and that "allegations of future injury must be particular and concrete." *Johnson v. Missouri,* 142 F.3d 1087, 1089 (8th Cir.1998) (alterations and internal quotation marks omitted).

*Miller v. City of St. Paul*, No. 15-2885, 2016 WL 2956753, at *3 (8th Cir. May 23, 2016). Here, Movants' urged injuries fail to satisfy the injury in fact requirement. Movants cannot set out any specific injury that will certainly occur if they are not allowed to intervene. This Court agrees with Judge Whipple's Order in *Jenkins v. School District of Kansas City*, Case 4:77cv429 DW, wherein Judge Whipple held

> Here, MCPSA alleges its members have an interest in receiving monies to which they are lawfully entitled under the laws of Missouri and the United States. The settlement agreement at issue in this action was formed and entered as an order of this Court prior to the existence of the charter schools. As such, neither MCPSA nor any individual charter school was a party to the agreement. The Court's June 15, 2006 Order is concerned only with construing the terms of the settlement agreement and the obligations those terms impose on the parties to the agreement. Neither the settlement agreement nor any other orders of the Court concerning the dismissal of the State Defendants contemplates the existence or funding of the charter schools. Accordingly, the Court finds that the MCPSA lacks standing to intervene.

Based upon the foregoing analysis, the Court concludes that Movants lack standing to intervene in this matter, and therefore, the Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movants' Motion to Intervene, [Doc. No 398], is **DENIED.**

Dated this 20th day of July, 2016.

_____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE