# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CRATON LIDDELL, et al., individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, MISSOURI, et al., )<br><br>Defendants. ) | CASE NO.: 4:72-CV-100 HEA |

## SUPPLEMENTAL SUGGESTIONS IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF CHARTER PUBLIC SCHOOL PARENTS AND CHILDREN

The Charter Public School Parents and Children seek to intervene as of right to protect their interests in their children's education. The City Board and Plaintiffs class have informed the court that they will not object to permissive intervention, but intervention as of right is the appropriate course.

As will be undisputed, there are thousands of African-American children who have chosen to attend Charter Public Schools in the City of St. Louis. Absent the intervention of Charter Public School Parents and Children, the interests of these children and their parents will not be represented in this Court. The Charter Public School Parents and Children did not seek to intervene until the Motion to Enforce was filed in April 2016. Indeed, they had no prior need to intervene as their interests were not previously threatened by the positions of the parties in this

case. Once the Special Administrative Board "requested transfer of tens of millions of dollars away from the schools that the [charter public school] children attend," *Liddell v. Special Administrative Board of Transitional Sch. Dist.*, 894 F.3d 959, 965 (8th Cir. 2018), the Charter Public School Parents and Children promptly sought to be heard in this case pursuant to Rule 24.

The Charter Public School Parents and Children incorporate their prior briefing in support of intervention in this case. *See* Dkt. 398 (Motion to Intervene), Dkt. 399 (Suggestions in Support of Motion to Intervene), Dkt. 405 (Reply Suggestions in Support of Motion to Intervene). As described in the prior briefing, the requirements for intervention as of right under Rule 24(a) have been met. First, the motion to intervene was timely. Until the filing of the motion to enforce in April 2016, there was no reason for the Charter Public School Parents and Children to seek to intervene. The educational funding formula was being applied consistently each year to provide funding to charter public schools. In the early years after the settlement, there were litigated funding disputes between the district and charter public schools. *See State ex rel. St. Louis Charter School v. State Board of Education*, 438 S.W.3d 437, 445 (Mo. Ct. App. 2014) (describing consistent efforts to recover alleged underpayments to charter public schools between 1999 and 2005). The legislature changed the funding formula in 2006 in part to avoid these types of disputes between local districts and the charter public schools who were serving the same population of eligible children. *See Committee for Educational Equality v. Missouri*, 294 S.W.3d 477 (Mo. banc 2009) (affirming constitutionality of SB 287 and noting that it "reflected a view that schools with greater local effort contributions require less state financial assistance to meet the costs of providing a free public education.").

Second, the Charter Public School Parents and Children have an interest in the subject of the action and disposition of the motion in their absence will as a practical matter impair or

impede their ability to protect their interest. A substantial portion of the charter public schools funding is at risk, and the position advocated in the motion to enforce threatens the quality of the Charter Public School children's education. *See Liddell*, 894 F.3d at 965-66 ("The charter parents …pleaded imminent injury that threatens them and their children personally.").

Third, no existing party adequately represents the interests of the Charter Public School Parents and Children. Although the District and class counsel seek tens of millions of dollars that has been used to educate these children and will be used to educate them in the future, no existing party is representing their interests. The governmental parties have not advanced any substantive argument against the merits position advanced in the Motion to Enforce. The government cannot pursue exclusively the interests of charter public school parents and children. *See South Dakota v. Ubbelohde*, 330 F.3d 1014, 1025 (8th Cir. 2003) (noting that the government "must represent the interests of all its citizens, which often requires the government to weigh competing interests and favor one interest over another"). The governmental parties are inadequate to represent the Charter Public School Parents and Children in this case. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996) (reversing district court judgment that government parties were adequate to represent more narrow interests of snowmobiling enthusiasts).

Finally, it was suggested at the recent status hearing that permitting the Charter Public School Parents and Children to intervene as of right could lead to some hypothetical expansion of the issues in the case. To be clear: the Charter Public School Parents and Children seek intervention solely to advocate against the relief sought in the Motion to Enforce Settlement filed in April 2016. Should the Motion to Enforce Settlement be denied, the Charter Public School Parents and Children will not require – and do not seek – further participation in this case (absent

3

some other future efforts to imperil their children's education which would be addressed only if and when they arise by way of appropriate pleadings at that time).

## CONCLUSION

For the reasons set forth in the memorandum in support of the Motion to Intervene, the reply suggestions and above, this Court should permit the Charter Public School Parents and Children to intervene as of right under Rule 24(a)(2). In the alternative, the Court should exercise its discretion to grant them permissive intervention under Rule 24(b).[1]

        Respectfully submitted,

        STINSON LEONARD STREET LLP

*/s/ Jeremy A. Root*
Charles W. Hatfield, Mo. Bar No 40363
Jeremy A. Root, Mo. Bar No. 59451
230 W. McCarty St.
Jefferson City, MO 65101
Tel.: (573) 636-6263
Fax: (573) 636-6231
chuck.hatfield@stinson.com
jeremy.root@stinson.com

*Attorneys for Proposed Intervenor Charter School Parents and Children*

---

[1] Permissive intervention is wholly discretionary. *See Bush v. Viterna*, 740 F.2d 350, 359 (8th Cir. 1984).

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by the court's ECF filing service on the 3rd day of October, which will notify all parties of record.

*/s/ Jeremy A. Root*