UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRATON LIDDELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:72-CV-100 HEA |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTIONS AND RESPONSE TO PUTATIVE INTERVENORS' SUPPLEMENTAL SUGGESTIONS IN SUPPORT OF MOTION TO INTERVENE**

In Putative Intervenors' Supplemental Suggestions in support of their Motion to Intervene [ECF No. 449], Putative Intervenors restate in writing (per the Court's request) what they represented verbally in Court: they intend to intervene "solely to advocate against the relief sought in the Motion to Enforce Settlement filed in April 2016." Intervention for this limited purpose can be fully accomplished by permissive intervention. However, Putative Intervenors additionally and impermissibly add a telling caveat to their written representation by adding the proviso that their agreement to limit involvement is only "***absent some other future efforts to imperil their children's education which would be addressed only if and when they arise by way of appropriate pleadings at that time***." The Court already admonished the parties by making clear that it does not intend to proceed on such speculation. The Court should reject their inappropriate attempt to hedge their bets by suggesting possible future involvement through intervention as of right.

Putative Intervenors had not previously explained why they insist on intervening as of right as opposed to stipulating to permissive intervention as Joint Movants had requested. Instead, they

conceded to the Court "[w]e don't think there is a terrific substantive difference right now if it were granted as of right or permissively." Hearing Transcript, at p. 23. Their concession concerning the lack of any real substantive difference (and thus a lack of any real harm if intervention as of right is denied) alone should render moot the request to intervene as of right.

Even if the Court is not inclined to deny intervention as of right as moot or deny it on the merits, as the Court knows, Rule 24(b) permissive intervention is in the discretion of the Court, while Rule 24(a) as of right intervention is not. In an effort to expedite these proceedings – to get to the merits of the Joint Motion to Enforce the 1999 Desegregation Settlement Agreement against the State of Missouri and for the State's contempt before additional millions of dollars are also unavailable to the students attending the St. Louis Public Schools District – the Joint Movants have consented to the Court exercising its discretion for that purpose. Intervention as of right, however, is not discretionary and requires specific elements, of which the Putative Intervenors have not met, as previously briefed. Just for example, Putative Intervenors state in their Supplemental filing that they are not adequately represented, one of the elements of Rule 24(a), but what they explain is an attempt to intervene to make arguments that the parties already involved have strategically decided not to pursue. That is not a lack of adequate representation under binding authority, particularly when both the State of Missouri and U.S. Department of Justice are the parties making the strategic choices. *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015) (stating that the burden to overcome the presumption of adequate representation is "greater if the named party is a government entity that represents interests common to the public"); *see also Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997) (providing that absent a "clear dereliction of duty…the proposed intervenor cannot rebut the presumption of adequate

representation by merely disagreeing with the litigation strategy or objectives of the party representing him").

For all these reasons, and all the reasons in Joint Movant's prior filings in opposition to intervention as of right, Joint Movants request that the Court should reject Putative Intervenors' attempt to renege on their promise of limited intervention, should deny or hold in abeyance its ruling on intervention as of right, and should only permit permissive intervention at this stage so the Joint Motion to Enforce and for Contempt may proceed to resolution expeditiously.

Dated:  October 5, 2018            Respectfully submitted,

By:    /s/ Ronald A. Norwood
    Ronald A. Norwood, 33841MO
    Bridget G. Hoy, 50733MO
    **LEWIS RICE LLC**
    600 Washington Avenue,
    Suite 2500
    St. Louis, Missouri 63101
    Telephone:  314-444-7759
    Facsimile:  314-612-7759
    rnorwood@lewisrice.com
    bhoy@lewisrice.com

*Attorneys for Defendant/Appellee Special Administrative Board of the Transitional School District of the City of St. Louis*

By:  /s/ Veronica Johnson
    Veronica Johnson
    **HOWARD AND JOHNSON, LLC**
    906 Olive Street, Ste. 200
    St. Louis, MO  63101
    Telephone:  314.454.1722
    Facsimile:  314.454.1911
    vjohnson@howardandjohnsonlaw.com

*Attorneys for Caldwell/NAACP Plaintiffs*

>By:  /s/ William A. Douthit
>William A. Douthit
>P.O. Box 6961
>St. Louis, MO 63006-6961
>Telephone: 314-434-7759
>Facsimile:  314-434-7759
>wadouthit@aol.com

*Attorneys for Liddell Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and accurate copy of the foregoing document was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system this 5th day of October, 2018, upon all counsel of record.

         /s/ Ronald A. Norwood