UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRATON LIDDELL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )    No. 4:72CV100  HEA |
| BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant State of Missouri's Motion to Strike Liddell Plaintiff's Motion to Enforce, [Doc. No. 471] and its Motion for Extension of Time to File a Response to the Motion to Enforce, [Doc. No. 470]. Liddell Plaintiffs oppose both Motions, and the St. Louis Public Schools District opposes the Motion to Strike.  For the reasons set forth below, the Motions are denied.

The Liddell Plaintiffs have filed a Motion to Enforce seeking to enforce an alleged violation of the 1999 Desegregation Settlement Agreement ("DSA") which was incorporated in this Court's Memorandum and Order entered on March 12, 1999.

On March 26, 2019, this Court struck the original Motion to Enforce Settlement Agreement finding that, pursuant to the DSA, the Special Administrative Board of the Transitional School District of the City of St. Louis, ("SAB"),[1] now the City Board of Education ("the Board"), could not raise any disputes between the State of Missouri and the SAB/Board must be filed only in the Circuit Court of the City of St. Louis.  Conversely in the event of a dispute between the State of Missouri and Plaintiffs, motions for specific performance of may be filed in this Court.

Plaintiffs Motion is brought solely on behalf of Plaintiffs.  It is therefore properly filed in this Court.

Defendant State of Missouri agues the Court cannot address the Motion because the Board is a necessary and indispensable party to the Motion.  As the Board and Plaintiffs correctly argue, the Board is and has always been a party defendant in the matter.  As such, the State's argument lacks merits.

The State also argues that if the Court were to address the merits of the Motion, the Board could foreseeably file an action in the Circuit Court seeking the same or similar relief Plaintiffs seek in their Motion.  The Board has represented to this Court that it has no intention of pursuing specific performance in the Circuit

---

[1] On October 25, 2019, the Board of Education of the City of St. Louis filed a Motion to Substitute Parties seeking to substitute the Board of Education of the City of St. Louis as a party defendant for the SAB.  The motion was granted on October 28, 2019.

[2]

Court related to the issues presently before this Court.  The Board unequivocally has stated that it agrees to be bound by any final determination by this Court as to the proper distribution and use of the Desegregation Sales Tax.  In the unlikely event that the Board would file pleadings in the Circuit Court, the State could rely on these representations.

The State seeks an additional 45 days from this ruling to file its response to the Motion to Enforce.  The Motion has been pending for some time.  The Motion is straightforward.  An additional 45 days would only serve to delay addressing the issues.  The State will be given 14 days to file its response.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Extension of Time to File a Response to the Motion to Enforce, [Doc. No. 470], is denied.  The State is given 14 days from the date of this Order to file its response.

**IT IS FURTHER ORDERED** that the Motion to Strike, [Doc. No. 471], is denied.

Dated this 24th  day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE