## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CRATON LIDDELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:72CV100  HEA |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF ST. LOUIS, MISSOURI, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the State of Missouri's Motion to Stay of Judgment and Injunction Pending Appeal and for Temporary Administrative Stay, [Doc. No. 521]. Caldwell/NAACP and Liddell Plaintiffs oppose the motion.  For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's previous orders that have spanned decades.  On November 24, 2020, the Court issued an Opinion, Memorandum and Order regarding the Motion to Enforce Settlement.  The Court found that the money received from the St. Louis City tax was specifically ear marked for desegregation purposes on a per pupil basis for all city school students, which included the Charter School students.

The Court ordered the State of Missouri to cease reducing the amount of funds allocated to the District Schools by the amount of the City Desegregation tax.

On December 4, 2020, the State of Missouri filed a Notice of Appeal of the Court's November 24, 2020 Opinion. On the same day, the State filed this Motion to Stay pending appeal and sought a temporary administrative stay as well. Specifically, Defendants seek an order staying their obligations related to the Court's Opinion.

## DISCUSSION

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 62(c), a "court may suspend, modify, restore, or grant an injunction" pending the matter's resolution on appeal. *See* Fed. R. Civ. P. 62(c). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. It is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case." *Scripps-Howard Radio, Inc. v. F.C.C.*, 316 U.S. 4, 10-11 (1942) (citations omitted); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009). A court considers four factors in determining whether to grant a motion to stay: "(1) whether the stay applicant has made a strong showing of a likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

2

proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). The moving party bears the heavy burden to establish that a stay should be granted in light of these four factors, and "[t]he first two factors ... are the most critical." *See Nken*, 556 U.S. at 433-34; *see also* 11 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2904 (3d ed. April 2017 Update).

"Ultimately, [the court] must consider the relative strength of the four factors, balancing them all." *Brady*, 640 F.3d at 789 (quotation marks and citation omitted).

The State argues that the four stay factors warrant the imposition of a stay with respect to its obligations under the November 2020 Opinion. Plaintiffs, on the other hand, argue that the State has not met its burden to justify a stay and ask the Court to deny the motion.

**Likelihood of Success on the Merits**

The Court first considers whether the State has "made a strong showing that [it] is likely to succeed on the merits." *Hilton*, 481 U.S. at 776. "It is not enough that the chance of success on the merits be better than negligible.... [M]ore than a mere possibility of relief is required." *Nken*, 556 U.S. at 434 (quotation marks and citations omitted). The Eighth Circuit has described this factor as "[t]he most

important" for the court's consideration. *Shrink Mo. Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998); *see also Brady*, 640 F.3d at 789.

The State contends that it is likely to succeed on the merits because: (1) The Settlement specifically provides that the City Board, and no other entity, shall implement desegregation programs; (2) The Judgment orders the Department to violate state law in its allocation of funds between District schools and charter schools; (3) The Judgment imposes novel obligations on charter schools, which were not involved in segregation and were non-parties to both the Settlement and this case; (4) The Judgment provides relief that no party requested; (5) The Judgment violates principles of federalism by intruding upon state and local control in matters of educational policy; and (6) The Judgment makes little sense as a matter of policy.

The Court finds that that the State has established a strong likelihood of success on the merits on appeal.

The Court's conclusion that the allocation of the Desegregation Tax should be used by Charter schools for the purposes of desegregation programs was not contemplated by the parties, rather all parties believe they are entitled to the entire amount of the funds solely. While the Court remains of the opinion that its Opinion coincides with the spirit of the Settlement Agreement between the signatories thereto, the State's position that the Opinion runs afoul of the parties'

4

intent, the lack of charter school segregation, and requiring the State to act in a manner which may violate State Law bolster the State's likelihood of success on the merits position.

**Irreparable Harm**

The Court also considers whether the State will be irreparably harmed absent a stay. *Hilton*, 481 U.S. at 776. As with each factor, the burden is on State to establish that this factor weighs in favor of granting the motion. "[S]imply showing some 'possibility of irreparable injury' fails to satisfy the second factor." *Nken*, 556 U.S. at 434-35 (citation omitted).

The State asserts that it would be irreparably harmed if the Court declines to grant a stay. "'[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.' *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977) (Rehnquist, J., in chambers)." *Maryland v. King*, 567 U.S. 1301 (2012). The State argues that the Opinion enjoins it from effectuating Mo. Rev. Stat. § 160.415.4. Irreparable harm has been established for the purpose of this Opinion.

**Injury to Interested Parties**

Next, the Court must consider whether issuance of the stay will substantially injure interested parties, including Plaintiffs. *See Hilton*, 481 U.S at 776.

The State argues that Plaintiffs will not suffer harm if the Court imposes a stay. In the event the State loses on appeal, it can allocate the funds at that time.  Plaintiffs will suffer no harm since the State would be required to turn over the funds from the date of the Opinion to the resolution of the appeal.

**Public Interest**

Finally, the Court considers the public interest. *Hilton*, 481 U.S. at 776. The Public interest factor on balance is neutral. The State's position that the Opinion disrupts long-settled expectations arising from the State's established funding formula, and because it reinserts the control of the federal district court into the administration of state and local educational policy, under the aegis of a desegregation case that was resolved decades ago.  On the other hand, the local sales tax revenue was enacted to attempt to fund desegregation in the St. Louis City schools. The voters of St. Louis recognized the need for desegregation programs.  The tax should be used for the purpose it was intended with regard to all public school children, and failure to utilize the tax for its intended purpose runs afoul of years of dedicated efforts to eliminate an unacceptable system of segregation.

**CONCLUSION**

In sum, upon considering the relevant factors, the Court will grant a stay in this matter pending the resolution of the appeals. The Court finds that the State

does not need to post a bond in light of the fact that it will be able to satisfy the Judgment if necessary. The State's request for a temporary stay is moot.

Accordingly,

**IT IS HEREBY ORDERED** that the State of Missouri's Motion for Stay Pending Appeal, [Doc. No. 521], is granted.

**IT IS FURTHER ORDERED** that no bond shall be required.

**IT IS FURTHER ORDERED** that the State's request for a temporary administrative stay is denied as moot.

Dated this 26th day of January, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE